IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENT FRANZ,<br><br>      Plaintiff,<br><br>vs.<br><br>EAST CENTRAL UNIVERSITY and<br>THE BOARD OF REGENTS OF THE<br>REGIONAL UNIVERSITY<br>SYSTEMS OF OKLAHOMA,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 15-cv-404-SPS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Kent Franz ("Franz" or "Plaintiff") for his cause of action against Defendants East Central University ("ECU") and The Board of Regents of the Regional University Systems of Oklahoma ("University Systems") alleges and states:

1. At all relevant times, Plaintiff was and now is a resident of the City of Ada, Pontotoc County, State of Oklahoma.

2. At all relevant times, Defendant ECU is a regional state university located in the City of Ada, Pontotoc County, State of Oklahoma, and one of the university's comprising the Defendant University System.

3. At all relevant times, Defendant University Systems was and now is a state agency that has responsibility for the governance of Defendant ECU.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over the parties and subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331 and 20 U.S.C. §§ 1681-1683 (Title IX).

5. Venue is proper in this Court in that the acts complained of occurred in the Eastern District of Oklahoma and the parties in this action reside or conducts business in said judicial district.

## FACT ALLEGATIONS

6. Defendant ECU at all relevant times was and now is a public institution of higher education that was and now is a part of Defendant University System that provides educational programs and activities receiving federal and financial assistance as provided in 20 U.S.C. § 1681(a)(2000).

7. At all relevant times, Defendant ECU enrolls students who receive federal grants and federally funded guaranteed student loans.

8. At all relevant times, Plaintiff was employed by Defendants as a kinesiology instructor and as the Head Women's Varsity Basketball Coach ("Women's Basketball Coach").

9. The Defendants' written policy stated that Defendant ECU would comply with Title IX in its athletic programs and treat women's athletics in an equal manner as with men's athletics.

10. Despite Defendants' written policies requiring compliance with Title IX, Defendants failed and refused to treat women's athletic programs at Defendant ECU in an equal and fair manner as required by Title IX In that:

    (a) The coaches of the football team and men's basketball team were given 12-month contracts that, *inter alia*, guaranteed them to be compensated for summer school teaching assignments while Plaintiff and other coaches of women's intercollegiate sports were placed on 10-month contracts with no guarantees of summer teaching assignments and the compensation associated with those teaching positions.

    (b) The coach of the men's basketball team was provided a 12-month contract with an annual salary of $60,000.00 while Plaintiff's annual salary as a women's head basketball coach was $53,000.00 based on a 10-month contract although neither the men's nor women's basketball program generated significant income for Defendant ECU's athletic department.

    (c) Plaintiff was denied the opportunity to teach summer school kinesiology courses and earn additional compensation that would allow him to approximate the salaries provided to the Head Football Coach and Men's Basketball Coach who were paid $60,000.00 per year on a 12-month contract that guaranteed them summer teaching positions that were not dependent on student enrollments.

    (d) The Head Football Coach and Men's Head Basketball Coach were given access to their student athletes during the summer months while that opportunity and competitive advantage was denied Plaintiff and the Coach of the Women's Softball Team.

    (e) The locker room facilities for the women's intercollegiate basketball program were grossly inferior to those provided to the men's intercollegiate basketball program that ECU upgraded while at the same time ignoring the women's facilities which remained and are substandard to the those that the men's basketball team were provided.

    (f) The laundry facilities provided to the men's intercollegiate basketball program were upgraded and segregated for exclusive use by that male intercollegiate athletic program while the laundry facilities provided for the women's intercollegiate basketball program were moldy, dingy, and were required to be shared with women's cross-country and the athletic training staff.

    (g) The coaches of the intercollegiate football team and men's basketball team were allowed to operate and generate revenues from summer camps without being administered by Defendant ECU's Continuing Education Department and paying it a 10% administrative fee while Plaintiff was required to operate his summer basketball camp through the auspices of Defendant ECU's Continuing Education Department and pay to Defendant ECU a 10% administrative fee and lessening their generated revenues by that percentage.

11. These violations of Title IX were brought to Defendant ECU's attention on numerous occasions and when a former athlete in the Women's Basketball Program, and ECU employee, Stephanie Canada-Phillips, who was also the Faculty Athletic Representative, reduced to writing her concerns about the multiple Title IX violations and lack of institutional gender equity, Defendant ECU's President became upset and told her he wished she hadn't put her complaints in writing.

12. The presidential admonition directed at Stephanie Canada-Phillips had a chilling effect on Plaintiff and others who had spoken out against gender inequity and were concerned and upset about the Title IX violations and the adverse effect they had on women's athletics at Defendant ECU.

13. Along with Stephanie Canada-Phillips, Plaintiff was a vocal campus advocate for Title IX gender equity and opposed the continuing violations of Title IX that he experienced and witnessed at Defendant ECU.

14. As the result of a non-work related motor vehicle accident that caused a personal injury to a pedestrian, Plaintiff was charged with a criminal offense of leaving the scene of an accident in the District Court of Pontotoc County, State of Oklahoma, and on September 11, 2013 was placed on administrative leave by Defendant ECU pending the disposition of that charge.

15. Plaintiff familiarized himself with Defendant ECU's policies regarding employees charged with criminal offenses and subsequently entered into a nolo contendere plea to

the charge on June 25, 2014 that resulted in a two (2) year deferred sentence. A copy of the plea is attached as **Exhibit "1"** and incorporated by reference herein.

16. On February 25, 2014, Defendant ECU citing Defendant University System's policy 3.4.7 terminated Plaintiff by "non-renewing" Plaintiff's employment as a kinesiology instructor and as the Head Women's Basketball Coach.

17. Defendant ECU's policy 2.6 provides, *inter alia*, that conviction of a felony or moral turpitude are causes for dismissal or suspension.

18. Plaintiff was not convicted of a felony when he entered a plea of no contest and received the deferred sentence nor did he commit an act constituting moral turpitude as set out in Defendant University Systems's policy 3.4.2 that prevented Plaintiff from satisfactory fulfillment of his professional duties or responsibilities.

## CAUSE OF ACTION – FOR VIOLATION OF TITLE IX - RETALIATION

19. Plaintiff incorporates paragraphs 1 through 18 as though set forth in full herein.

20. Plaintiff engaged in protected opposition to discrimination by providing unfavorable information about Title IX violations to Defendant ECU's athletic director and administration, and strongly opposing gender inequity in Defendant ECU's intercollegiate programs.

21. Defendant ECU was deliberately indifferent to the rights of its female student athletes and coaches of the women's athletic programs in that it caused female student athletes and Plaintiff as one of the coaches of a women's athletic program to be subjected to inferior facilities and accommodations and to lesser salary and benefits, in violation of federal law.

22. As a direct and proximate result of Plaintiff's complaints, Defendant ECU intentionally retaliated against Plaintiff by terminating him because he engaged in speaking out against gender inequity in Defendant ECU's women's athletic programs and by refusing to resign and execute a release of Defendant ECU's Title IX violations.

23. The prospect of being terminated might have dissuaded a reasonable coach from making complaints of discrimination.

24. As a direct and proximate result of Defendant ECU's wrongful conduct, Plaintiff has sustained actual and compensatory damages, including lost wages and benefits, emotional distress, humiliation, embarrassment, damage to his professional reputation, and lost enjoyment of life, all to his damage in a sum in excess of Seventy Five Thousand Dollars ($75,000.00)

25. The reason given for Plaintiff's termination by Defendants was a pretext and sham and in retaliation for Plaintiff's complaints of gender and equity and Title IV violations.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For all the remedies allowed by Title IX that includes his actual and compensatory losses;

2. For his costs;

3. For a statutory attorney's fee as provided by law; and

4. For such other and further legal and equitable relief as the Court may deem just and equitable.

                **WARD & GLASS, L.L.P.**

                /s/ Stanley M. Ward
                Stanley M. Ward, OBA#9351
                Woodrow K. Glass, OBA#15690
                Scott F. Brockman, OBA#19416
                R. Ben Houston, OBA#14751
                Barrett T. Bowers, OBA#30493
                Brent L. Neighbors, OBA#15910
                Bryan B. Young, OBA#31434
                1821 E. Imhoff Road
                Norman, Oklahoma 73071
                (405) 360-9700
                (405) 360-7902 (fax)
                **ATTORNEYS FOR PLAINTIFF**

JURY TRIAL DEMANDED